UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **ESCOBAR,** | Civil Action No. 17-11821 (FLW) |
| **Plaintiff,** | |
| v. | **REPORT AND RECOMMENDATION** |
| **CLEAN-TEX SERVICES, INC.,** | |
| **Defendant.** | |

**BONGIOVANNI, Magistrate Judge**

This matter has been opened by the Court *sua sponte* based on Plaintiff Ana Escobar's ("Plaintiff") failure to communicate with the Court since March 19, 2018. For the reasons that follow, it is respectfully recommended that Plaintiff's claims be DISMISSED WITH PREJUDICE.

**Background and Procedural History**

On November 20, 2017, Plaintiff filed a complaint against Clean-Tex Services, Inc., alleging violations of Title VII of the Civil Rights Act of 1964 and the New Jersey Law Against Discrimination. (Docket Entry No. 1). On January 1, 2018, Defendant filed an application with the clerk's office to extend time to answer, which was granted. (Docket Entry No. 7). On January 31, 2018, Defendant filed an answer (Docket Entry No. 8) and the Court entered an Order setting an Initial Pretrial Conference to be held on March 19, 2018. (Docket Entry No. 10). On March 22, 2018, the Court entered a Scheduling Order setting a Telephone Conference for July 25, 2018. (Docket Entry No. 12).

On July 20, 2018, Plaintiff's counsel filed a Motion to Withdraw as Counsel, citing several failed attempts to contact Plaintiff to engage her participation in this case. (Docket Entry No. 16). For example, counsel for Plaintiff noted that from March 22, 2018 to June 8, 2018, he

attempted to contact Plaintiff to discuss her case on ten different occasions via telephone calls, emails and letters with no response from Plaintiff.  Plaintiff eventually responded to Plaintiff's counsel on June 8, 2018 but stopped responding after June 11, 2018.  As a result of Plaintiff's lack of communication and cooperation, Plaintiff's counsel felt as though representation was impossible.  Plaintiff's counsel informed Plaintiff of its intention to withdraw via letter and email.

On July 25, 2018, the Court held a Telephone Conference to discuss the Motion to Withdraw.  On July 26, 2018, the Court entered an Order advising Plaintiff that she must either (1) object to counsel's motion to withdraw, (2) retain new counsel, (3) ask to proceed on her own, or (4) withdraw the complaint by August 24, 2018. (Docket Entry No. 17).  Plaintiff's counsel sent the order by regular mail and email to Plaintiff on July 26, 2017. (Docket Entry No. 18).  Plaintiff did not respond, and the Court granted Plaintiff counsel's Motion to Withdraw on August 28, 2018. (Docket Entry No. 20).  Plaintiff was ordered to retain new counsel by September 28, 2018, or be advised that she would be deemed *pro se*.  The Order was sent to Plaintiff by certified mail and was returned as undeliverable. (Docket Entry No. 21).  On October 9, 2018, Clean-Tex Services, Inc. ("Defendant") wrote to the Court seeking dismissal of the case for lack of participation by Plaintiff. (Docket Entry No. 22).

On October 15, 2018, the Court entered an Order directing Plaintiff that she must contact the Court by November 2, 2018 and either (1) seek to withdraw the complaint, or (2) explain why she has not made any effort to address the July 26, 2018 Order. (Docket Entry No. 24).  The Court noted that failure to respond may result in sanctions which could include dismissal of the complaint.  Plaintiff has not responded and has not been in contact with the Court since March 19, 2018.

## Analysis

The Federal Rules of Civil Procedure authorize courts to impose sanctions for failure to provide discovery, obey court orders and/or prosecute a case. *See* FED.R.CIV.P. 37(b)(2), 41(b). Where such failures have occurred, dismissal may be an appropriate penalty. *Id*. Generally, in determining whether to impose an involuntary order of dismissal with prejudice, the Court considers the factors set forth in *Poulis v. State Farm Casualty Co.*, 747 F.2d , 863, 868 (3d Cir. 1984). These factors include:

> (1) The extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the plaintiff's conduct; (3) the history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim.

*Id.* No single *Poulis* factor is determinative and dismissal may be appropriate even if some of the factors are not met. *See Mindek v. Rigatti,* 964 F.2d 1369, 1373 (3d Cir. 1992); *Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1988). If a court finds dismissal appropriate under *Poulis*, it may dismiss an action *sua sponte*, pursuant to its inherent powers and Federal Rule of Civil Procedure 41(b). *See Iseley v. Bitner,* 216 Fed App'x 252, 254-55 (3d Cir. 2007) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962)).

The Court considers the *Poulis* factors in determining whether to recommend the dismissal of Plaintiff's claims with prejudice. For the reasons that follow, the Court finds that under the circumstances presented here, the *Poulis* factors support the dismissal of Plaintiff's claims with prejudice:

1. **Plaintiff's Personal Responsibility:** Plaintiff is personally responsible for her failure to communicate with counsel in order to prosecute her case, as well as her lack of contact with the Court for approximately seven months. This decision was solely her

own and she bears full responsibility for the same. As such, the Court finds this factor to favor dismissal of Plaintiff's claims with prejudice.

2. **Prejudice to Defendant:** Defendant has been prejudiced by Plaintiff's failure to prosecute this matter. By failing to communicate with her counsel and the Court for several months, Plaintiff has effectively abandoned her duty to prosecute her case. This has resulted in the case remaining stagnant. This is manifestly unjust to Defendant, who, under these circumstances, cannot fairly defend this case. The Court finds that this prejudice, which was caused by Plaintiff's failure to do that which was required of her, supports the dismissal of Plaintiff's claims with prejudice. *See, e.g., Scarborough v. Eubanks,* 747 F.2d 871, 876 (3d Cir. 1984).

3. **History of Dilatoriness:** Although Plaintiff initiated this case, Plaintiff has not actively participated in its prosecution since the Initial Pretrial Conference on March 19, 2018. Plaintiff counsel's Motion to Withdraw as counsel for lack of communication with Plaintiff further evidences her history of nonparticipation in this matter. Additionally, as Plaintiff has not responded to two Court Orders, the Court finds that Plaintiff has a history of dilatoriness. Therefore, this factor supports the dismissal of Plaintiff's claims with prejudice.

4. **Willfulness or Bad Faith:** While the Court does not find that Plaintiff acted in bad faith, Plaintiff's failure to communicate with the Court for the past seven months certainly establishes that Plaintiff's conduct has been willful. As a result, this factor further supports the dismissal of Plaintiff's claims with prejudice.

5. **Effectiveness of Alternative Sanction:** The Court finds that there is no effective alternative sanction. The case cannot proceed without Plaintiff's participation. Under

these circumstances, the Court finds that no lesser sanction than dismissal of his claims with prejudice would be effective. *See Joyce v. Continental Airlines, Inc.*, 09-2460 (WJM), 2011 WL 2610098, *2 (D.N.J. June 15, 2011).

6. **Meritoriousness of the Claims:** As this matter is in its infancy, the Court is unable to assess the underlying merits of the claims. Therefore, the meritoriousness of the claims weighs neither in favor of nor against dismissing Plaintiff's claims with prejudice.

Considering all of the *Poulis* factors set forth above, the Court finds that on balance, they clearly support the dismissal of Plaintiff's claims with prejudice. Plaintiff voluntarily filed this case. After doing so, she has failed to take the steps necessary to move the case forward. Despite being given every opportunity to litigate her claims, Plaintiff has elected to no longer participate in the case she initiated. As a result, this Court respectfully recommends that Plaintiff's claims be dismissed with prejudice.

## Conclusion

The Court having given consideration to the *Poulis* factors;

IT IS on this 16th day of November 2018,

RECOMMENDED that Plaintiff's claims be DISMISSED WITH PREJUDICE; and it is

ORDERED that the Clerk of the Court activate this Report and Recommendation; and it is further

ORDERED that pursuant to FED.R.CIV.P. 72(b)(2) any party, including Plaintiff, who has an objection to the proposed findings and recommendations set forth herein has **14 days** after being served with a copy of this Report and Recommendation to file their specific written objections.

s/Tonianne J. Bongiovanni
**HONORABLE TONIANNE J. BONGIOVANNI
UNITED STATES MAGISTRATE JUDGE**